## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

JEFFREY   M.   BLOCHOWICZ   and   *
KIMBERLY M. BLOCHOWICZ,   *
  *
    Plaintiffs,   *
  *
    v.   *
  *
JILL E. STEINBERG; PAMELA   *
BONDI; U.S. DEPARTMENT OF   *
VETERANS AFFAIRS, OGC; U.S.   *
DEPARTMENT OF JUSTICE; and THE   *
UNITED STATES,   *
  *
    Defendants.   *

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AUG - 1 2025

FILED

CV 125-037

### O R D E R

Before the Court are Defendants' motion for leave to file excess pages (Doc. 6), Defendants' motion to dismiss (Doc. 7), and Plaintiffs' motion to strike Defendants' motion to dismiss (Doc. 10).[1] For the following reasons, Defendants' motion for leave to file excess pages (Doc. 6) is **GRANTED**; Defendants' motion to dismiss (Doc. 7) is **GRANTED IN PART**; and Plaintiffs' motion to strike (Doc. 10) is **DENIED**.

### I. BACKGROUND

Plaintiffs' Complaint, filed on February 27, 2025, asserts claims under various statutes, both civil and criminal, including

---

[1] Also pending before the Court is Plaintiff's demand for judicial notice. (Doc. 13.) Given the holdings herein, the Court reserves ruling on the demand.

the Federal Tort Claims Act ("FTCA").    (Doc. 1, at 3, 5.)    The Complaint also references an attached SF-95.    (Id. at 3.)    The attached document (the "Attachment") includes a "Streamlined Complaint" and an SF-95 form, both of which re-assert a laundry list of claims under the FTCA.    (Doc. 1-1, at 16-17, 22.)    While the Complaint is completely void of any factual allegations, the Streamlined Complaint attempts to allege some factual basis for Plaintiffs' claims.    (Id. at 3-15.)    According to the Streamlined Complaint, Plaintiffs' claims arise out of Plaintiff Jefferey Blochowicz's forced retirement and false felony indictment, both of which resulted from a "heinous lie" that he beat a sedated veteran patient while working as a nurse at the Charlie Norwood Veterans Administration Medical Center ("Charlie Norwood"), as well as sexual harassment and retaliatory acts he was subjected to during his employment.    (Id.)

On April 17, 2025, Defendants filed a motion for leave to file excess pages (Doc. 6) and a motion to dismiss (Doc. 7). Plaintiffs filed a motion to strike Defendants' motion to dismiss on May 8, 2025.    (Doc. 10.)    Plaintiffs filed a demand for judicial notice on June 20, 2025, to notify the Court of "critical findings" by the Department of Veterans Affairs inspection (Doc. 13), to which Defendants responded in opposition (Doc. 14), and Plaintiffs replied in support (Doc. 15).    The Court addresses herein

2

Defendants' motions (Docs. 6, 7) and Plaintiffs' motion to strike (Doc. 10), which are ripe for review.

## II. MOTION FOR LEAVE TO FILE EXCESS PAGES AND MOTION TO STRIKE

On the same day Defendants filed the pending motion to dismiss (Doc. 7), they filed a motion for leave to file excess pages (Doc. 6). Defendants contend the extra pages were necessary because the motion to dismiss required a summary of all civil actions brought by Plaintiffs. (Id. at 1.) In response, Plaintiff filed a motion to strike the motion to dismiss because it was filed prior to the Court granting leave. (Doc. 10.)

While the Court is sympathetic to Plaintiffs' frustrations, it is also sympathetic to Defendants' predicament in having to address seven substantively identical cases brought against them by Plaintiffs, each of which is relevant to its arguments in the motion to dismiss. As such, the Court **GRANTS** Defendants' motion for leave to file excess pages. (Doc. 6.) The Court will consider Defendants' motion to dismiss (Doc. 7) as it was filed on April 17, 2025.

As to Plaintiffs' motion to strike the motion to dismiss (Doc. 10), the Court finds the motion improper. The Federal Rules of Civil Procedure provide that a "court may order stricken from any *pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV P. 12(f) (emphasis

added). Relevant here is the scope of what is considered a pleading. While "complaints, answers, replies to counterclaims, answers to cross-claims, third-party complaints, and third-party answers" all constitute pleadings, filings such as "motions, briefs or memoranda, objections, or affidavits" do not. Eubanks v. Henry Cnty., No. 1:11-CV-3969, 2013 WL 11971258, at *1 (N.D. Ga. June 20, 2013) (citations omitted). Accordingly, this latter group cannot be the subject of a motion to strike. Id. (citations omitted). Furthermore, because the Court has granted Defendants' motion for leave to file excess pages, the basis for Plaintiffs' motion to strike is now moot. Thus, Plaintiffs' motion to strike (Doc. 10) is **DENIED**, and the Court turns to the merits of Defendants' motion to dismiss.

### III. MOTION TO DISMISS

Defendants argue this case should be dismissed for multiple reasons. (Doc. 7, at 20-39.) Namely, they argue the Complaint should be dismissed in its entirety or, at minimum, re-pled, because it constitutes an impermissible shotgun pleading.[2] (Id. at 23-26.) Defendants also argue the asserted claims are

---

[2] Defendants also argue the Complaint should be dismissed in its entirety under the doctrine of claim splitting. (Doc. 7, at 20-23.) Because the Court addresses this argument in the substantively identical cases, Blochowicz v. Steinberg, No. 1:24-cv-105-JRH-BKE (S.D. Ga. July 8, 2024) ("Case # 1:24-cv-105") and Blochowicz v. Steinberg, No. 1:24-cv-106-JRH-BKE (S.D. Ga. July 8, 2024) ("Case # 1:24-cv-106"), the Court does not address it here.

inappropriate avenues for relief, name improper Defendants, are barred by the relevant statute of limitations, and are precluded by sovereign immunity and that Plaintiffs lack standing and failed to exhaust administrative requirements. (Id. at 26-39.) Plaintiffs have not filed a response in opposition to Defendants' motion to dismiss; however, they do raise arguments in response to the motion to dismiss in their motion to strike. (Doc. 10, at 10-16.)

The Court first addresses Defendants' argument that the Complaint is a shotgun pleading. (Doc. 7, at 23.) The Eleventh Circuit is particularly opprobrious of what are known as "shotgun pleadings," or pleadings that violate Federal Rules of Civil Procedure 8(a)(2) or 10(b). See Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321 (11th Cir. 2015) (recognizing the Eleventh Circuit's "thirty-year salvo of criticism aimed at shotgun pleadings"); see also Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings."). The Eleventh Circuit recognizes four types of shotgun pleadings, the first being a pleading "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before." Weiland, 792 F.3d at 1321. The second type is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular

cause of action." Id. at 1322. The third type is a pleading that does not separate each claim into a separate count. Id. at 1322-23. Fourth is the "relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts . . . or which of the defendants the claim is brought against." Id. at 1323. The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to discern what the plaintiff is claiming and respond accordingly, while also allowing the court to determine whether the plaintiff has stated a claim for which relief can be granted. See id. at 1320.

Defendants argue the Complaint falls within three of the four categories of the typical shotgun pleading. (Doc. 7, at 25.) Plaintiff argues the Complaint is not a shotgun pleading. (Doc. 10, at 11-14.) As to the first category, Defendants argue the Complaint improperly adopts allegations of all preceding counts into each successive count. (Doc. 7, at 25.) Plaintiffs disagree, arguing "[t]he Complaint displays a chronology of horrendous and inexcusable events." (Doc. 10, at 12.) Under the Court's most generous interpretation of the Complaint, Plaintiffs list upwards of thirteen tort claims and reference the Attachment in its entirety as the factual basis for each. (Doc. 1, at 3-5.) Notably, no facts are alleged at all in the Complaint itself. (See id.) Further, while the factual basis in the Attachment is more

6

structured than in Plaintiffs' previous cases, this attempt to attribute all factual allegations to each successive count is expressly forbidden. (Doc. 1-1, at 1-15); see Weiland, 792 F.3d at 1321. This alone qualifies Plaintiffs' Complaint as a shotgun pleading; however, the Court addresses Defendants' additional arguments.

Defendants next argue the Complaint falls under the third category because it does not separate each claim into a different count. (Doc. 7, at 26.) Plaintiff disagrees, arguing the facts are presented and the claims are listed. (Doc. 10, at 14.) The Court agrees with Plaintiffs. While not labeled as "counts," the Complaint provides a numerical list of each claim. (Doc. 1, at 5.) Particularly given Plaintiff's *pro se* status, the Court finds this numerical separation of the causes of action sufficient.

Finally, Defendants argue the Complaint falls under the fourth category because it does not specify which Defendants are responsible for which acts or omissions, or against whom each claim is brought. (Doc. 7, at 26.) Plaintiffs argue this was merely an oversight and should not require repleading. (Doc. 10, at 14.) The Court agrees with Defendants. The Complaint and Attachment make no attempt to identify which claims are asserted against which Defendants, or if the claims asserted against individual Defendants are brought against them in their individual or official capacities. (Doc. 1, at 5; Doc. 1-1, at 16-17.) And given the

plethora of claims asserted in this action, this lack of clarity is particularly troublesome.

In light of the foregoing, the Court finds the Complaint constitutes an impermissible shotgun pleading. Nonetheless, the Eleventh Circuit requires a district court to give a plaintiff who files a shotgun pleading "at least one chance to replead a more definite statement of her claims before dismissing her case with prejudice." Embree v. Wyndham Worldwide Corp., 779 F. App'x 658, 662 (11th Cir. 2019) (*per curiam*) (citation omitted). This need for a second opportunity is often heightened when dealing with *pro se* plaintiffs. Id. While Plaintiffs have, in reality, had numerous attempts to re-plead their complaint – evidenced by their seven nearly identical actions filed in this Court alone – the Court is hesitant to attempt to address the merits of Defendants' remaining arguments for dismissal given the Complaint and Attachment's disorganization. Thus, the Court gives Plaintiffs one more opportunity to replead their claims. Plaintiffs are instructed to replead their complaint in accordance with the Federal Rules of Civil Procedure, curing the deficiencies noted herein.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' motion for leave to file excess pages (Doc. 6) is

**GRANTED**; Defendants' motion to dismiss (Doc. 7) is **GRANTED IN PART**; and Plaintiffs' motion to strike (Doc. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall file a repleaded complaint within **FOURTEEN (14) DAYS** of the date of this Order in accordance with the Federal Rules of Civil Procedure.  The refiled complaint shall delineate the claims asserted, state against which Defendants each claim is asserted, and contain specific factual allegations clearly related to each claim.  If Plaintiffs' refiled complaint fails to comply with the Federal Rules of Civil Procedure or the instructions set forth in this Order, the complaint may be dismissed.   Defendants shall respond to Plaintiffs' refiled complaint in the manner and time set forth in the Federal Rules of Civil Procedure and the Court's Local Rules.

**ORDER ENTERED** at Augusta, Georgia, this ___1ST___ day of ___August___, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA