IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

JEFFREY M. BLOCHOWICZ and           *
KIMBERLY M. BLOCHOWICZ,             *
                                    *
          Plaintiffs,               *
                                    *
          v.                        *          CV 125-037
                                    *
JILL E. STEINBERG; PAMELA           *
BONDI; U.S. DEPARTMENT OF           *
VETERANS AFFAIRS, OCG; U.S.         *
DEPARTMENT OF JUSTICE; and THE      *
UNITED STATES,                      *
                                    *
          Defendants.               *
                                    *

## O R D E R

Presently pending before the Court are Defendants' motion to dismiss Plaintiffs' repleaded complaint (Doc. 23) and Plaintiffs' first and second demands for judicial notice (Docs. 13, 22). For the following reasons, Defendants' motion to dismiss is **GRANTED.**[1]

## I. BACKGROUND

The facts and procedural background of this case were outlined in the Court's August 1, 2025 Order. (Doc. 16, at 1-3.) Generally, Plaintiffs' claims arise out of Plaintiff Jeffrey Blochowicz's forced retirement and false felony indictment, both of which

---

[1] Because the Court grants Defendants' motion to dismiss, it will not consider the other pending motions. The Clerk is **DIRECTED** to **TERMINATE** all other pending motions.

resulted from a "heinous lie" that he beat a sedated veteran patient while working as a nurse at the Charlie Norwood Veterans Administration Medical Center, as well as sexual harassment and retaliatory acts he experienced during his employment. (Doc. 17, at 27–32; Doc. 17-2, at 6.) The Court found Plaintiffs' initial complaint was an impermissible shotgun pleading and ordered them to file a repleaded complaint. (Doc. 16, at 9.) Plaintiffs filed their repleaded complaint on August 18, 2025. (Doc. 17.) Defendants filed a motion to dismiss Plaintiffs' repleaded complaint on September 22, 2025 (Doc. 23) and Plaintiffs responded on October 9, 2025 (Doc. 26).

## II. DISCUSSION

Defendants move to dismiss Plaintiffs' repleaded complaint for several reasons. (Doc. 23, at 3–9.) They argue Plaintiffs' repleaded complaint is still a shotgun pleading, Plaintiffs failed to exhaust their administrative remedies, and Plaintiffs lack standing to allege violations of criminal law. (Id.) Plaintiffs responded and argued generally: "We are pro se litigants who explained each and every adverse act that happened to Plaintiffs, and Defendants cannot claim that they do not know who is liable for which activity . . . . There is zero confusion, and that is what makes any shotgun claims fail." (Doc. 26, at 5.) They further argue they exhausted all administrative remedies because

2

their filed Standard Form 95s ("SF-95s") were "summarily DENIED," and they make no argument as to them having standing to allege violations of criminal law. (Id. at 9.)  Plaintiffs also discuss matters immaterial to the motion to dismiss, such as a loss of consortium claim Defendants do not mention, and they include several internet articles about the downsides of paper filing case documents. (Id. at 8-11.)

The Court first addresses Defendants' argument that the repleaded complaint is still a shotgun pleading. (Doc. 23, at 3-7.)  The Eleventh Circuit is particularly opprobrious of what are known as "shotgun pleadings," or pleadings that violate Federal Rules of Civil Procedure 8(a)(2) or 10(b). See Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320-21 (11th Cir. 2015) (recognizing the Eleventh Circuit's "thirty-year salvo of criticism aimed at shotgun pleadings"); see also Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings."). The Eleventh Circuit recognizes four types of shotgun pleadings: first is a pleading "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before . . . ." Weiland, 792 F.3d at 1321.  The second type is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322.  The third type is

3

a pleading that does not separate each claim into a separate count. Id. at 1322-23. Fourth is the "relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts . . . or which of the defendants the claim is brought against." Id. at 1323. The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to discern what the plaintiff is claiming and frame a responsive pleading, meanwhile allowing the Court to determine whether plaintiff has stated a claim for which relief can be granted. See id. at 1320.

Defendants argue the repleaded complaint falls under all four categories of a shotgun pleading. (Doc. 23, at 3-7.) The Court agrees the repleaded complaint fails to remedy the transgressions of Plaintiffs' initial complaint. As to the first category, Defendants argue each claim improperly adopts "all preceding factual allegations (set forth in pages 1 through 28 [of the repleaded complaint]) as well as (seemingly) . . . the allegations contained in Appendix F." (Id. at 4 (punctuation omitted).) Plaintiffs argue, "the references to preceding paragraphs do[] not have the same import as it did in Davis v. Charter Schools," a Middle District of Florida case "where [the plaintiff's] Complaint was not as clear, and there were no sets of multiple [SF-95s] in the Record that convert to U.S. Defendant status once DENIED." (Doc. 26, at 5 (citing 6:23-CV-1269, M.D. Fla. Oct. 3, 2025).)

4

The Court notes the repleaded complaint states, "Plaintiff's (sic) now Replead Case 1:25-cv-037, with All Facts presented in this case, as well as the cases contained in APPENDIX F," thus incorporating all facts presented in the repleaded complaint plus all facts and claims stated in Appendix F. (Doc. 17, at 27.) This attempt to attribute all factual allegations to each successive count is expressly forbidden. See Weiland, 792 F.3d at 1321. The fourteen enumerated claims simply list relevant statutes and give a one to two sentence explanation, often including conclusory statements or otherwise failing to provide pertinent facts. (Doc. 17, at 28-32.) This, paired with the express incorporation of all stated facts, does not give Defendants notice of which facts pertain to which claims; therefore, it is difficult for Defendants to frame a responsive pleading. See Weiland, 792 F.3d at 1320. This alone shows Plaintiffs' repleaded complaint is a shotgun pleading, but the Court addresses Defendants' additional arguments in turn.

As to the second category, Defendants argue the repleaded complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any cause of action." (Doc. 23, at 5-6 (citation omitted).) Defendants provide examples including a bare allegation of attempted murder as part of a malicious prosecution claim, and the broad timeframe of the repleaded complaint's facts, covering events from the 1980s through present

5

day, without clarification on which claims the facts relate to. (Id.) Plaintiffs argue Appendix F "concretely shows the activity complained of and why those actions alleged in each one constituted valid claims." (Doc. 26, at 5.)

The Court finds there are several conclusory, vague, and immaterial facts throughout the repleaded complaint. Plaintiffs include facts about Jeffrey Blochowicz's school background, high school wrestling accomplishments, and patient care before the events of this case. (Doc. 17, at 6-8.) Plaintiffs also utilize conclusory language to describe events, for example, stating that bonuses were paid to upper management and that Jeffrey Blochowicz has an FBI file against him "for no lawful reason," without additional explanation, and making assertions like, "Defendants' arguments are the product of worry and disingenuity, and must fail. The Truth must come out," and "[t]his was all a bogus narrative set forth in Bad Faith by Defendants." (Id. at 10, 12, 21, 25.) Appendix F does list Plaintiffs' claims and a brief statement generally describing each, but this does not negate the fact the repleaded complaint contains several conclusory, vague, and immaterial facts that do not appear to support any claims. (Doc. 17-2, at 1-10.)

As to the third category, Defendants argue the repleaded complaint does not separate each claim into a different count. (Doc. 23, at 6.) Plaintiffs disagree, arguing the claims are

6

listed in Appendix F. (Doc. 26, at 5.)  The Court finds that in both the repleaded complaint and Appendix F, Plaintiffs' claims merely string cite statutes and injuries - they do not separate each claim into a separate count.  (Doc. 17, at 28-32; Doc. 17-2, at 1-10.)  Additionally, Appendix F details only seven claims, but the repleaded complaint lists fourteen.  (Doc. 17, at 28-32; Doc. 17-2, at 1-10.)  This discrepancy further confuses the claims Plaintiffs attempt to bring.

Finally, Defendants argue the repleaded complaint falls under the fourth category because it does not specify which Defendants are responsible for which acts or omissions, or against whom each claim is brought.  (Doc. 23, at 5.)  Defendants also state Jeffrey Blochowicz submitted an SF-95 on August 17, 2025, nearly six months after Plaintiffs filed their original complaint and one day before filing their repleaded complaint, meaning the SF-95 review process had not occurred when Plaintiffs began this case.  (Id. at 8-9.) Plaintiffs argue "Defendants cannot claim that they do not know who is liable for which activity because once the [SF-95s] are denied, the Defendant becomes THE UNITED STATES."  (Doc. 26, at 5.)  The Court agrees with Defendants.  Given the SF-95 attached to the repleaded complaint was filed after the case began, it is unclear who Plaintiffs intend to sue and whether Plaintiffs are suing the individual Defendants in their official or individual capacities.  (Doc. 17, at 5.)  Further, not all of the repleaded

7

complaint's claims identify which Defendant(s), out of the four listed Defendants, each claim is brought against. (Id. at 28–32.) Appendix F also does not include every claim listed in the repleaded complaint, so it fails to appropriately identify Defendants for each claim. (Doc. 17-2, at 1–10.)

Based on the foregoing, the Court finds the repleaded complaint is an impermissible shotgun pleading and **GRANTS** Defendants' motion to dismiss without addressing the additional arguments. Because this is Plaintiffs' second shotgun pleading and attempt to file a proper complaint, the Court has adhered to the Eleventh Circuit's requirement that a district court give a plaintiff who files a shotgun pleading "at least one chance to replead a more definite statement of her claims before dismissing her case with prejudice." Embree v. Wyndham Worldwide Corp., 779 F. App'x 658, 662 (11th Cir. 2019) (per curiam) (citation omitted).

### III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss (Doc. 23) is **GRANTED.** The Clerk is **DIRECTED** to **TERMINATE** all pending motions and deadlines, and **CLOSE** this case.

ORDER ENTERED at Augusta, Georgia, this 25th day of February, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA